THOMAS J. SHUSTED, CAMDEN COUNTY PROSECUTOR, PLAINTIFF, v. RONALD TRAENKNER, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 13, 1977.

24

*Mr. George Stillwell*, Assistant Prosecutor, for plaintiff (*Mr. Thomas Shusted,* Camden County Prosecutor, attorney).

*Mr. Joseph Carmen* for defendant.

WINGATE, J. S. C. This action is one in lieu of a prerogative writ seeking the removal of defendant from his position as a police officer for the Borough of Audubon upon the grounds that he admitted to the commission of certain misdemeanors relating to his employment or touching the administration of his office, as allegedly authorized by *N. J. S. A.* 2A:81-17.2a3 and 2A:81-17.2a4.

Plaintiff has offered as evidence in support thereof a transcript of testimony by defendant before the grand jury on April 6, 1977. At this trial defendant offered no evidence

and, in fact, did not testify in his defense, although by his answer he denied that his grand jury testimony was in fact an admission to the commission of any misdemeanor whatsoever.·

Defendant was subsequently indicted by the grand jury on April 27, 1977 charging conspiracy with a certain Carol Mignone to murder defendant's wife Gladys Traenkner, attempt to kill by poisoning and misconduct in office. Trial has not yet been had on the indictment. The within action was commenced on May 11, 1977.

By way of answer defendant raises the following objections: (1) the complaint fails to allege the admission of any specific misdemeanor and therefore is defective; (2) the within matter should be stayed until after the disposition of the criminal indictment, and (3) defendant did not admit to the commission of any misdemeanor in his grand jury testimony.

At argument in this matter the court requested briefs from counsel on the following points: (a) whether defendant has immunity from his Grand Jury testimony in this matter; (b) should this action be stayed pending the criminal trial, and (c) were any constitutional rights of defendant jeopardized by this action which might be construed to place defendant in a position where his testimony would be used against him in the criminal trial.

█ That a civil proceeding to discharge an officeholder may be instituted while a criminal indictment is pending is well settled. *DeVita v. Sills,* 422 *F.* 2d 1172 (3 Cir. 1970); *In re Addonizio,* 53 *N. J.* 107, 135, n. 3 (1968); *State v. Falco,* 60 *N. J.* 570, 579 (1972). However, none of these cases were of the nature of this action.

██ A public officer obliged to testify before a grand jury did receive use immunity under the statute despite warnings that his testimony could be used against him, and such immunity was self-executing prior to the amendment to *N. J. S. A.* 2A:81–17.2a2. *Kugler v. Tiller,* 127 *N. J. Super.* 468, 478 (App. Div. 1974), and *State v. Vinegra,* 134 *N. J.*

*Super.* 432, 440 (App. Div. 1975). Since the prosecutor failed to inform this defendant, as required by the amended statute, that his failure to testify would subject him to removal from his office, it would appear that defendant has use immunity from his grand jury testimony. Where the required statutory warnings are not given a public official who is the target of an investigation, he cannot be denied his use immunity even though he failed to invoke his privilege against self-incrimination. *State v. Vinegra, supra.*

■■ However, such immunity does not extend to civil proceedings since the statute clearly limits immunity to criminal proceedings and a civil departmental disciplinary action is not a criminal proceeding within the statute. *State v. Vinegra, supra.* An action under *N. J. S. A.* 2A:81-17.2a3 is a civil proceeding and a defendant is therefore not entitled to use immunity of his grand jury testimony in such a matter.

Before treating this matter on its factual merits the court must give full consideration to all of the provisions of the Statute under which plaintiff seeks relief and thus is confronted with *N. J. S. A.* 2A:81-17.2a5, which provides that "Nothing in this act shall be construed to annul or modify any other law of this State * * * relating to the removal of public employees from office, position or employment." This section is part of Laws of 1970, c. 72.

Prior thereto the subject of fire and police departments had long been a part of our legislative history. *N. J. S. A.* 40:47-1 *et seq.,* which found its origins in the Laws of 1917, c. 152, and was subsequently included in the new *Title* 40A, "Municipalities and Counties," of which chapter 14 concerns fire and police departments. Specific provisions concerning the manner of suspension and removal of such personnel was always an integral part of such legislation and is now set forth in *N. J. S. A.* 40A:14-147 *et seq.* Significantly, there is also included therein a supplement thereto, Laws of 1973, c. 270, relating to officers indicted for certain offenses and their suspension until trial, and reinstatement with pay if

acquitted, subject to any disciplinary proceedings or administrative action. *N. J. S. A.* 40A:14–149.1 and 149.2.

The question is thus presented as to whether the within action under *N. J. S. A.* 2A:81–17.2a3 is compatible with *N. J. S. A.* 40A:14–147 *et seq.*, particularly in view of the supplement thereto in 1973 of *N. J. S. A.* 40A:14–149.1 *et seq.*

Where statutes are in apparent conflict and relate to the same subject matter it is the duty of the court to construe them together as a unitary and harmonious whole insofar as that may be possible in order that each may be fully effective. But where the subject matter is also one of a specific statute it will generally prevail over a general statute. See *Lawrence v. Butcher*, 130 *N. J. Super.* 209 (App. Div. 1974) ; also *Kingsley v. Wes Outdoor Advertising Co.*, 55 *N. J.* 336, 339 (1970).

In *Dunellen Bd. of Ed. v. Dunellen Education Ass'n*, 64 *N. J.* 17 (1973), the Supreme Court was confronted with a problem of statutory construction analogous to the case in hand. *Dunellen* presented the problem of apparent conflict between the Teachers Tenure Act of long standing and the then recent Employer-Employees Relations Act. However, in the latter act there was a blanket statement in § 10 to the effect that no provision in the Employer-Employees Relations Act shall "annul or modify any statute or statutes of this State." It was there, in effect, held that the general provisions of the Employer-Employee Relations Act did not replace the express terms of the Teachers Tenure Act (which, among other provisions, requires the Commissioner's hearing of dismissal proceedings). It is interesting to note that the problems of *Dunellen* were resolved by subsequent legislation which, in effect, nullified the blanket statement in § 10 of the Employer-Employee Relations Act. See *Red Bank Bd. of Ed. v. Warrington*, 138 *N. J. Super.* 564, 572 (App. Div. 1976).

It is apparent that *N. J. S. A.* 2A:81–17.2a *et seq.* deals with the removal of public employees generally, whereas *N. J. S. A.* 40A:14–147 *et seq.* treats exclusively the

manner and means of removal of fire and police personnel.

The former statute even contains a provision limiting its effect upon any other law of this State relating to the removal of public employees from office, position or employment. *N. J. S. A.* 2A:81–17.2a5. Finally, the most recent legislation is that of *N. J. S. A.* 40A:149.1 *et seq.,* effective November 29, 1973, which deals more specifically with the suspension of police officers indicted and their reinstatement with pay if subsequently acquitted.

In view of the foregoing, the specific provisions of the legislation pertaining to fire and police, *N. J. S. A.* 40A:14–147 and 40A:14–149.1 *et seq.,* must be accorded precedence over the general provisions of *N. J. S. A.* 2A:81–17.2a *et seq.,* particularly in view of its self limitations as contained in *N. J. S. A.* 2A:81–17.2a5, as above recited.

For this court to possibly remove defendant from his position without the prior benefit of a jury trial upon his indictment would not only be in direct violation of the express legislative intentions of *N. J. S. A.* 40A:14–149.1 *et seq.* but would be an unconscionable disregard of his present statutory rights as provided therein.

The case of *Hyland v. Ranone,* 141 *N. J. Super.* 48 (App. Div. 1976), aff'd p. c. 75 *N. J.* 97 (1977), is not apposite since that did not involve either the indictment or removal of a police officer for misconduct, but rather was an action for his removal for refusal to answer questions before a grand jury. The issues in this matter were not raised or considered in *Hyland v. Ranone,* probably for the reason that there the officer was not charged with a crime that would subject him to the usual proceedings for disciplinary suspension and removal. Instead *Ranone* was subjected to the removal action for failure to testify before the grand jury. These were new and specific grounds and procedures created by *N. J. S. A.* 2A:81–17.2a1 and not contemplated or authorized by *N. J. S. A.* 40A:14–147 *et seq.*

In the instant case defendant Traenkner, first having been indicted for certain alleged crimes after his grand jury testi-

mony, is now subsequent thereto subjected to this action for his removal prior to his trial on the indictment, without regard to the existing statutes for his suspension and removal, or his reinstatement if acquitted of such charges.

This clearly circumvents and vitiates the specific legislative intent and purpose of *N. J. S. A.* 40A:14–147 *et seq.* Under such circumstances a court cannot grant such requested relief. Plaintiff might well better resolve this issue by promptly moving the indictment rather than pursuing this collateral and additional litigation.

For the above reasons, an order dismissing the complaint, without costs, may be submitted.